Ben A. Snipes
KOVACICH SNIPES JOHNSON, P.C.
P.O. Box 2325
Great Falls, MT  59403
(406) 761-5595
ben@justicemt.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

_____

| | |
|---|---|
| TYLER GIBSON, | ) CAUSE NO. CV-23-55-GF-BMM-JTJ |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **COMPLAINT AND JURY** |
| STATE FARM INSURANCE | ) **DEMAND** |
| MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

_____

COMES NOW the Plaintiff, demanding trial by jury, and for his complaint against the Defendant, alleges as follows:

**PARTIES**

**1.**

Plaintiff, Tyler Gibson, is a natural person and citizen and resident of the State of Montana.

**2.**

Defendant, State Farm Mutual Automobile Insurance Company, is a for profit corporation organized under the laws of Illinois, and authorized to conduct and conducting the business of insurance in the State of Montana.

## JURISDICTION AND VENUE

**3.**

This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a), because this is a civil action between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs.

**4.**

Plaintiff is a citizen of Montana, and Defendant is a citizen of Illinois.

**5.**

Plaintiff seeks damages which substantially exceed $75,000.

**6.**

Venue is proper in the Great Falls division of this Court as Defendant issued to Plaintiff the contract of insurance in Hill County within the Great Falls division. Additionally, the underlying collision occurred in Hill County within the Great Falls division of this Court.

## GENERAL ALLEGATIONS

**7.**

On November 2, 2020, Sebastian Dumas negligently "t-boned" Plaintiff when he crashed his motor vehicle into the driver's side of Plaintiff's motor vehicle.

**8.**

As a result of the collision, Plaintiff suffered substantial injuries causing symptoms in his neck, upper and, most primarily, in his lower back. Plaintiff has suffered and continues to suffer significant and debilitating impairments as a result of the motor vehicle crash herein described.

**9.**

Plaintiff's underlying liability claim against Sebastian Dumas was settled in August of 2023. Defendant was notified months in advance of and made no objections to the underlying settlement. Dumas' liability coverage was not sufficient to cover the damages suffered by Plaintiff.

## FIRST CAUSE OF ACTION

**(Breach of Contract and Covenant of Good Faith and Fair Dealing)**

**10.**

Plaintiff realleges paragraphs 1 through 9 above as paragraphs 1 through 9 of this First Cause of Action.

**11.**

At the time of the collision, Plaintiff was covered by a policy of insurance issued by Defendant as policy number 073 0778-F08-26A for the policy period of October 16, 2020 to November 14, 2020. All premiums were paid on the policy. The policy included underinsured motorist coverage under Montana law.

**12.**

Pursuant to its contract of insurance, Defendant remains legally obligated to reimburse Plaintiff for the full extent of damages suffered by him, to the extent those damages are not covered by liability insurance.

**13.**

Following settlement of the underlying liability claim, Plaintiff submitted a claim to Defendant requesting payment pursuant to the underinsured motorist coverage in his policy. Despite its obligations under the contract of insurance and controlling Montana law, Defendant has failed and/or refused to tender anything but a small fraction of the underinsured benefits Plaintiff has paid premiums to secure.

**14.**

This Cause of Action further implicates the common law as set forth in *Oltz v. Safeco Ins. Co. of Am.*, 306 F.Supp.3d 1243(D. Mont. 2018), and *Mlekush v. Farmers Ins. Exch.*, 389 Mont. 99 (2017). Defendant owed Plaintiff an implied in law duty of

good faith and fair dealing in the manner in which it addressed, interpreted, and evaluated Plaintiff's damages claim and its contract for UIM benefits.

**15.**

Contrary to said duty and without justification, Defendant acted and/or conspired to minimize the contractual obligations owed Plaintiff under Montana law. Defendant unreasonably negated and/or minimized the damages caused by Plaintiff's now chronic conditions. Defendant unreasonably characterized its fractional underinsured motorist proceeds offer as a compromise of "all damages," knowing Plaintiff had a pending Medical Payments claim for coverage under Defendant's policy, and otherwise engaged in a continuous course of tortious conduct which breached Defendant's duty of good faith and fair dealing owed in relation to its contract with Plaintiff.  Defendant engaged in a continuous course of such tortious conduct with such frequency as to indicate a general business practice.  Defendant's actions contradicted reasonable commercial standards.

**16.**

As a result of Defendant's breach of the insurance contract and its corresponding obligations of good faith and fair dealing as described herein, Plaintiff has suffered damages as alleged herein.

## SECOND CAUSE OF ACTION

### (Declaratory Relief)

**17.**

Plaintiff realleges paragraphs 1 through 16 above as paragraphs 1 through 16 of this Second Cause of Action.

**18.**

Under Montana law, insurers are required to tender payment to claimants for all damages which are reasonably certain when liability proves reasonably clear, without conditioning such payment on a final release or compromise of other available coverage for damages. §§ 33-18-201(4), (6) & (13), MCA; *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1008 (9th Cir. 2009).

**19.**

When a first-party insured buys insurance, like underinsured motorist protective coverage in this case, he or she does so with the reasonable expectation that they will be treated fairly and will not have to resort to expensive, time-consuming litigation in order to recover what they are rightfully entitled to under the terms of their insurance policy. Based on the admitted facts of this case, as alleged herein, Defendant was and remains obligated to tender payment for Plaintiff's reasonably certain damages up to its policy limits and for Plaintiff's attorney fees associated with the pursuit of this action. *Mlekush v. Farmers Ins. Exch.*, 2017 MT

256, ¶ 23, 389 Mont. 99, 105, 404 P.3d 704, 708; *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1008 (9th Cir. 2009).

20.

Plaintiff has submitted his claim to Defendant, requesting payment of the underinsured motorist coverage contractually afforded by policy number 073 0778-F08-26A. Defendant has failed and/or refused to tender full payment to Plaintiff in response to her claim, and has offered only to cover a fraction of benefits payable for Plaintiff's claimed damages, beyond those paid by the liability insurer, despite acknowledging "room to move" for payments due to Plaintiff.

21.

By reason of the foregoing, a judicable controversy exists between Plaintiff and Defendant. Specifically, Plaintiff seeks a declaration of rights, status, and/or other legal relations with respect to the underinsured motorist coverage provided by policy number 073 0778-F08-26A. Plaintiff further seeks a declaratory judgment requiring Defendant to tender payment for Plaintiff's reasonably certain damages and attorney fees under the insurance exception to the American rule.

**DAMAGES**

22.

As a result of the above-described collision, Plaintiff has suffered damages, including past and future medical expenses, lost earnings and loss of earning

capacity, emotional and physical pain and suffering, and loss of established course of life.

**23.**

As a result of the above-described occurrences, and as a result of Defendant breaching the contract of insurance and its obligations of good faith and fair dealing, Plaintiff has suffered damages as alleged herein.

**24.**

As a result of the above-described occurrences, Plaintiff has incurred attorney fees and expenses in assuming the burden of litigation for this action, in order to obtain the full benefit of his underinsured motorist coverage.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For reasonable compensation for his general and special damages;

2.    For declaratory relief requiring Defendant to pay Plaintiff's reasonably certain damages;

3.     For attorney fees pursuant to the insurance exception to the American Rule as set forth in *Mlekush v. Farmers Ins. Exch.*, 2017 MT 256, ¶ 23, 389 Mont.

99, 105, 404 P.3d 704, 708 and *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1008 (9th Cir. 2009);

4. For costs and disbursements incurred herein; and

5. For such further relief as the Court deems just and proper.

DATED this 18th day of September, 2023.

                                                 KOVACICH SNIPES JOHNSON, P.C.

                                                 By:   /s/ Ben A. Snipes
                                                        Ben A. Snipes
                                                        P.O. Box 2325
                                                        Great Falls, MT  59403
                                                        Attorneys for Plaintiff